UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 11-cv-00983-MSK-MEH

KENNY SMITH,

    Plaintiff,

        v.

GT (GLOBAL STAFFING), INC., erroneously identified as Global Staffing,

    Defendant.

## SCHEDULING ORDER

### I.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date: November 10, 2011 at 9:30 a.m.

Plaintiff, Pro Se:    Kenny Smith, 21523 E. 45th Avenue, Denver, Colorado, 80249

(720) 232-0535

Defendant:    GT (Global Staffing), Inc.: Adam J. Telanoff, Telanoff & Telanoff, 1830 12th

Street, #7, Santa Monica, California 90404, (310) 396-5380 (via telephone)

### II. STATEMENT OF JURISDICTION

Jurisdiction is asserted by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2003-5.

Jurisdiction is denied by Defendant, as Plaintiff has failed to prove that he has exhausted his administrative remedies.

### III. STATEMENT OF CLAIMS AND DEFENSES

Plaintiff: Alleges discrimination based on his race (black) and disability (left foot paid, walks with a limp).  That he was passed over for promotion and terminated because of this race.

Defendant: Denies Plaintiff's claims.  Defendant is a temporary employment company.  Plaintiff was placed at a third party customer of Defendant.  While there, Plaintiff suffered a workplace injury.  As a result of that injury, Plaintiff was given modified duty, as a temporary employee, in Defendant's office.

1    When Plaintiff no longer required modified duty, his temporary assignment in Defendant's

2  office concluded.

3                              **IV. UNDISPUTED FACTS**

4           1.      Defendant is a temporary employment agency.

5           2.      Plaintiff was injured while working at a third party client of Defendant.

6           3.      Plaintiff was assigned to a position in Defendant's office while he was on

7                   modified duty due to his injury.

8           4.      Plaintiff was never offered a permanent position with Defendant.

9                          **V. COMPUTATION OF DAMAGES**

10  Plaintiff seeks two years of back pay, at $13.00 per hour, 40 hours per week.

11         **VI. REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING**
                            **UNDER FRCP 26(f)**
12
      A.     Date: November 4, 2011
13
      B.     Participants:   Kenny Smith, Plaintiff pro se; Adam J. Telanoff attorney for
14
                    Defendant GT (Global Staffing), Inc.
15
      C.     Date of Disclosures: November 21, 2011 for Defendant, November 30, 2011 for
16
             Defendant
17
    The Complaint was not served until August 19, 2011.  Defendant answered September 22,
18
  2011.
19
      D.     Timing and Disclosures: Defendant November 21, 2011; Plaintiff November 30,
20
             2011
21
      E.     Informal Discovery: None.
22
      F.     Statement concerning agreement to reduce discovery and other litigation costs:
23
    The parties will use a unified numbering system for exhibits.
24
      G.     Electronically Stored Information:
25
    Defendant has records that are stored electronically, and will make them available to Plaintiff
26
  in usable form, to be determined.
27
      H.     Settlement Discussions:
28
             None.

                                        2

**VII. CONSENT**

All parties have consented to the exercise of jurisdiction by a magistrate judge.

**VIII. DISCOVERY LIMITATIONS**

The parties do not request any changes to the Federal Rules related to discovery.

**IX.  CASE PLAN AND SCHEDULE**

A.      Deadline for Joinder/Amendment of Pleadings:      December 27, 2011

B.      Discovery Cut-Off:                                May 1, 2012

C.      Dispositive Motion Deadline:                      June 1, 2012

D.      Expert Witness Disclosure

      1.      Field of Expert Testimony: Workers' compensation for staffing companies, specifically the use of modified duty.

      2.      Number of Experts: One per side.

      3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 15, 2012

      4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 15, 2012

E.      Persons to be Deposed

      1.      Kenny Smith, Plaintiff - One Day

      2.      Norma (last name unknown) - One Day

      3.      Eileen (last name unknown) - One Day

F.      Deadline for Interrogatories          Submitted 33 days prior to deadline for discovery

G.      Deadline for Requests for Production and/or Admissions      Submitted 33 days prior to deadline for discovery

# X. DATES FOR FURTHER CONFERENCES

a.  A settlement conference will be held on motion of the parties. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

☐ Pro Se parties and attorneys only need be present.

☐ Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

☐ Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.  Status conferences will be held in this case at the following dates and times: _____

c.  A final pretrial conference will be held in this case by the Magistrate Judge drawn pursuant to consent. **The parties are directed to execute the appropriate form to effectuate their consent to Magistrate Judge jurisdiction.**

# XI. OTHER SCHEDULING MATTERS

A.  Discovery or scheduling issues where an agreement was not reached:        None.

B.  Anticipated length of trial:                                         2-3 Days.

C.  Pre-trial proceedings that would be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado: None.

# XII. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures

1   or Practice Standards established by the judicial officer presiding over the trial of this case.

2        With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

3        In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a
4   copy of a notice of change of his or her address or telephone number with the clerk of the magistrate
5   judge assigned to this case.

6        In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of
7   any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's
8   address or telephone number with the clerk of the magistrate judge assigned to this case.

9                   **XIII.AMENDMENTS TO SCHEDULING ORDER**

10       The Scheduling Order may be altered or amended only upon a showing of good cause.

11       Dated: November 14, 2011

12                                BY THE COURT

13

14                            S/Michael E. Hegarty
                         United States Magistrate Judge

15
     APPROVED:
16

17  _____
     Kenny Smith                          Adam J. Telanoff,
18  21523 E. 45th Avenue             1830 12th Street, #7
     Denver, CO    80249           Santa Monica, CA 90404
19  (720) 232-0535                 (310) 396-5380
     Plaintiff, Pro Se               Attorney for Defendant
20                                    GT (Global Staffing), Inc.

21

22

23

24

25

26

27

28